UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KELLER FARMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16CV265 ACL |
| | ) | |
| McGARITY FLYING SERVICE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Dismiss, or in the Alternative, for a More Definite Statement, filed by Defendant Michael C. Pemberton. (Doc. 7.) Plaintiff has filed a Response to Defendant's Motion. (Doc. 11.) For the reasons stated below, the Court will deny Defendant's Motion.

### **BACKGROUND**[1]

Plaintiff Keller Farms is an Illinois corporation that owns and operates farmland on Route 77 in Benton, Missouri (the "Property"). In the Complaint, Plaintiff states that, at the beginning of the 2015 growing season, Keller Farms had planted 897 acres of wheat, 100 acres of sweet corn, and 99 acres of horseradish on the Property. Keller Farms also had a sycamore tree farm, and numerous other additional trees and foliage for windbreak and ornamental purposes.

Defendant Dennis E. McGarity was licensed by the Missouri Department of Agriculture ("MDOA") as a commercial applicator, and Defendant Michael C. Pemberton was licensed by the MDOA as a private applicator.

Plaintiff alleges that, on April 23, 2015, Defendant McGarity applied Clarifer herbicide,

---

[1] The Court's summary of the facts is taken from Plaintiff's Complaint. (Doc. 1.)

1

Afforia herbicide and Roundup Powermax II via aerial application to 303 acres of farmland situated to the northeast of the Property. Plaintiff claims that these pesticide chemicals drifted with the wind and landed on the Property. Plaintiff alleges that, on May 13, 2015, Defendant Pemberton applied Defy Amine 4 and Warrant Herbicide to 262 acres of farmland situated to the south of the Property, and that these chemicals drifted with the wind and landed on the Property. Plaintiff claims that the MDOA, through the Bureau of Pesticide Control, investigated the wind drift damage to the Property, collected samples of damaged trees and crops from the Property, and subsequently issued letters of warning to Defendants dated February 3, 2016. Plaintiff claims that it suffered the following damages: 897.22 acres of wheat were damaged resulting in lost sales in the approximate amount of $114,016; 30,000 bags of corn were unable to be sold totaling lost damages in the approximate amount of $500,000; 11.5 acres of the horseradish crop were damaged, causing lost sales in the approximate amount of $19,174; the ornamental trees on the Property were damaged, resulting in a loss of value of $317,882; trees on the Property that serve a vital windbreak function were damaged, including 319 dead sycamore trees and 42 dead pine trees, resulting in a repair and replacement estimate of approximately $180,500; and lost business relations and business reputation with one of its major purchasers due to being unable to fill 2015 purchase orders from pesticide damaged corn.

In Count I, Plaintiff asserts a negligence per se claim against all Defendants, claiming that Keller Farms sustained damage to the Property as a result of Defendants' misuse of pesticide in violation of Missouri statutes and regulations. In Count II of the Complaint, Plaintiff alleges that Defendants were negligent in applying the chemicals and pesticides listed above, which resulted in damage sustained to the Property. In Count III, Plaintiff asserts a claim for trespass and treble damages based on Defendants' application of pesticides and chemicals on the

Property.

**DISCUSSION**

**I.      Motion to Dismiss**

Defendant Pemberton argues that the Complaint should be dismissed as unintelligible for the following reasons:  typographical errors are contained in paragraphs 7 and 9; the Complaint does not state which of the seven or more chemicals damaged which of the tree crops and sycamore trees; and the dates Pemberton and McGarity sprayed are three weeks apart.

Plaintiff responds that the Complaint specifically states the date on which Defendant Pemberton allegedly sprayed the crops, and identifies the chemicals sprayed that allegedly drifted onto Plaintiff's farm.  Plaintiff also attached to the Complaint copies of the letters from the State of Missouri citing the Defendants for their improper use of herbicides.  Plaintiff states that the Complaint identifies the damages suffered, and the Complaint alleges that both Defendants contributed to the damage.  Defendant argues that the parties' relative responsibilities for the damages await the discovery process and will be a jury issue.

When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint, but it need not accept legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Because Plaintiff's allegations, taken as true, are sufficient "to state a claim to relief that is plausible on its face" *Twombly*, 550 U.S. at 570, Defendant Pemberton's Motion to Dismiss will be denied.

## II.     Motion for More Definite Statement

Defendant argues in the alternative that Plaintiff should amend its Complaint to assert separate counts against the different Defendants, specify which herbicide damaged which crop, and provide other factual detail.

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion for a more definite statement "must be made before filing a responsive pleading[.]" *Id.* "Rule 12(e) is not designed to remedy an alleged lack of detail, rather, the Rule is intended to serve as a means to remedy unintelligible pleadings." *Resolution Trust Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994). "[T]he only question is whether it is possible to frame a response to the pleading." *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 901 (D. Minn. 2013).

A review of the Complaint shows that the Complaint contains a short and plain statement of the facts demonstrating the basis for Defendants' liability. The Complaint meets the federal notice pleading standard of Fed.R.Civ.P. 8(a). The Complaint identifies the date on which Defendant Pemberton allegedly sprayed the crops, and the specific chemicals sprayed. (Doc. 1, ¶ 18.) The Complaint also details the damage allegedly suffered. *Id.* at ¶¶ 43, 55. Defendant requests that Plaintiffs provide more specificity regarding which herbicide damaged which crop, "specify the factual claims against Pemberton," provide "at least some claimed factual detail" of the circumstances that caused the spray drift, and state "with some level of specificity" the facts

4

of the misuse of the various chemicals.  (Doc. 8 at 1-2.)  The purpose of Rule 12(e) is not, however "to remedy an alleged lack of detail," but to "remedy unintelligible pleadings." *Resolution Trust Corp*, 870 F. Supp. at 977.   The Complaint is not so unintelligible, vague, or ambiguous such that Defendant cannot reasonably frame a response.  In fact, as Plaintiff points out, Defendant McGarity has already filed an Answer to the Complaint.  Thus, the Court will deny Defendant's Motion for a More Definite Statement

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Pemberton's Motion to Dismiss, or in the Alternative, for a More Definite Statement (Doc. 7) is **DENIED**.

*/s/ Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of January, 2017.