UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KELLER FARMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:16 CV 265 ACL |
| | ) | |
| COLIN V. STEWART, BRANDON G. | ) | |
| STEWART and FARON B. STEWART, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Presently pending before the Court is the Motion of Plaintiff Keller Farms, Inc. for a New Trial. (Doc. 140.)

**Background**

Plaintiff Keller Farms, Inc. ("Keller Farms") filed this diversity action alleging claims of negligence, negligence per se, and trespass against Defendants Colin V. Stewart, Brandon G. Stewart, and Faron B. Stewart[1] ("Stewart Defendants"). (Doc. 1.) Plaintiff's claims arise from the aerial application of burndown agriculture chemicals by Dennis McGarity for the benefit of the Stewart Defendants. Plaintiff alleged that Mr. McGarity allowed the chemicals to come into contact with the Keller property, causing extensive damage to growing crops and trees. Plaintiff attempted to hold the Stewart Defendants vicariously liable for the actions of Mr. McGarity by alleging that the aerial spraying of burndown chemicals is an "inherently dangerous activity."

This action was tried before a jury from August 27, 2018, through August 30, 2018. The Court granted Defendants' Motion for Judgment as a Matter of Law on Plaintiff's trespass claim. On August 30, 2018, the jury returned its verdict in favor of the Stewart Defendants on

---

[1] The Complaint included additional Defendants that were subsequently dismissed.

1

Plaintiff's negligence and negligence per se claims. On August 31, 2018, the Court issued a Judgment in accordance with the jury's verdict. (Doc. 76.)

On September 19, 2018, Plaintiff filed the instant Motion for New Trial

**Discussion**

Plaintiff requests a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure on the basis that the jury's verdict was against the weight of the evidence, the Court erred in two of its evidentiary rulings, and the Court erred in granting Defendants' Motion for Judgment as a Matter of Law as to Plaintiff's trespass claim.

Under Federal Rule of Civil Procedure 59(a)(1)(A), "[a] new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996). A miscarriage of justice does not result whenever there are inaccuracies or errors at trial; instead, the party seeking a new trial must demonstrate that there was prejudicial error. *Buchholz v. Rockwell Int'l Corp.*, 120 F.3d 146, 148 (8th Cir. 1997). It is almost entirely within the discretion of the trial court whether to grant a new trial. *See* Fed. R. Civ. P. 59(a); *Orthoarm, Inc. v. Forestadent USA, Inc.*, No. 4:06–CV–730–CAS, 2008 WL 4681385, at *2 (E.D. Mo. Oct. 21, 2008) (citing *Belk v. City of Eldon*, 228 F.3d 872, 878 (8th Cir. 2000)).

    A.    **Weight of the Evidence**

Plaintiff first argues that the Court should grant a new trial because the jury's verdict was against the weight of the evidence.

"In determining whether or not to grant a new trial, a district judge is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *King v.*

*Davis,* 980 F.2d 1236, 1237 (8th Cir. 1992) (citing *White v. Pence,* 961 F.2d 776, 780 (8th Cir. 1992)). "[T]he 'trial judge may not usurp the function of a jury ... [which] weighs the evidence and credibility of witnesses.'" *White,* 961 F.2d at 780 (quoting *McGee v. S. Pemiscot Sch. Dist.,* 712 F.2d 339, 344 (8th Cir. 1983)). "Instead, a district judge must carefully weigh and balance the evidence and articulate reasons supporting the judge's view that a miscarriage of justice has occurred." *King,* 980 F.2d at 1237.

In this case, the jury was instructed as follows with regard to Plaintiff's negligence per se claim:

> Your verdict must be for Plaintiff Keller Farms, Inc., and against Defendants Colin Stewart, Brandon Stewart, and Faron Stewart if you believe:
>
> First, McGarity's aerial application of burndown agriculture chemicals was an inherently dangerous activity, and
>
> Second, during such activity, McGarity failed to comply with the label requirements for the use of the burndown agriculture chemicals by allowing them to drift on to the Plaintiff's farm, and
>
> Third, such activity and the danger inherent in such activity combined to directly cause damage to Plaintiff.

(Instruction No. 6. Doc. 137 at p. 7.) The verdict directing instruction for Plaintiff's negligence count consisted of the same first and second elements, with the following third and fourth elements:

> Third, McGarity was thereby negligent, and
>
> Fourth, such negligence and the danger inherent in such activity combined to directly cause damage to Plaintiff.

(Instruction No. 8, Doc. 137 at p. 9.)

Plaintiff contends that the evidence it presented regarding all of the elements was "overwhelming." Defendants respond that there was a substantial amount of evidence upon which the jury could rely to support its verdict.

The Court has reviewed Plaintiff's arguments and concludes that the jury's verdict was not against the greater weight of the evidence. Defendants contested each element Plaintiff was required to prove. Specifically, Defendants presented evidence, including expert testimony, supporting the following findings: the aerial application of herbicides was commonplace and not inherently dangerous; the burndown chemicals sprayed by Mr. McGarity did not drift onto Plaintiff's property as alleged; Mr. McGarity complied with the label requirements by spraying during optimal conditions; and Plaintiff's claimed damages were either not supported by the evidence or not caused by Defendants. Because there was ample evidence to support the jury's findings, no miscarriage of justice would result in allowing the verdict to stand.

Thus, Plaintiff's Motion for New Trial will be denied as to this claim.

**B.     Evidentiary Rulings**

Plaintiff contends that the Court erred in excluding the testimony of Darryl Slade and a related warning letter; and in excluding evidence of other violations of the Missouri Pesticide Act by Mr. McGarity.

Erroneous evidentiary rulings warrant a new trial if the errors were sufficiently prejudicial that a new trial would likely produce a different result. *Goss Int'l Corp. v. Man Roland Druckmaschinen Aktiengeswellschaft,* 434 F.3d 1081, 1098 (8th Cir. 2006).

**1.     Daryl Slade Testimony and Warning Letter**

Defendants filed a Motion in Limine seeking to exclude evidence that Mr. McGarity was issued a warning letter by the Missouri Department of Agriculture ("MDA") as a result of the incident that is the subject of this action. (Doc. 99.) Defendants also sought to exclude related testimony of MDA employee Darryl Slade (the author of the letter) regarding his opinion that chemicals applied by Mr. McGarity drifted onto Plaintiff's property.

4

The Court granted the Motion under Federal Rule of Evidence 403 on the basis that the probative value of this evidence was substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Also of significance to the Court was the fact that the warning letter provided no procedure by which to challenge the decision of the MDA. Instead, the letter simply directed Mr. McGarity to call Mr. Slade if he had "any questions." In addition, the findings of the investigation set out in the letter were conclusory, simply indicating that there was reason to believe Mr. McGarity had used a pesticide inconsistent with label directions by allowing chemicals to come into contact with wheat in the Keller Farms' property.

In analyzing this issue, the Court cited analogous decisions in employment discrimination cases. The Eighth Circuit has held that, "in an employment discrimination case the admission of administrative findings, such as an EEOC reasonable cause determination, is to be left to the sound discretion of the trial court." *Johnson v. Yellow Freight Sys., Inc.,* 734 F.2d 1304, 1309 (8th Cir. 1984), *cert. denied,* 469 U.S. 1041 (1984). The Court has upheld the exclusion of such evidence when its probative value was outweighed by the danger of unfair prejudice. *See, e.g. Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 427 (8th Cir. 2017) (results of audit of employer's pay practices properly excluded when evidence would create risk that jury would rely on audit results instead of its own judgment in determining whether plaintiffs had proven their claims); *Johnson*, 734 F.2d at 1309 (admission of EEOC determination would "amount to admitting the opinion of an expert witness as to what conclusions the jury should draw").

Whether Mr. McGarity allowed chemicals to come into contact with Plaintiff's property was contested and was the ultimate issue for the jury in this case. The Court maintains it properly excluded the warning letter and Mr. Slade's opinion due to its prejudicial effect, and it accordingly did not commit prejudicial error with respect to this ground for new trial.

5

## 2. Other Violations of the MPA by McGarity

Defendants filed a motion in limine to exclude evidence of previous or subsequent violations of the Missouri Pesticide Act ("MPA") by Mr. McGarity, including any related warning letters to McGarity from the MDA. (Doc. 98.) The Court granted the motion. At the conclusion of Plaintiff's examination of Mr. McGarity, Plaintiff approached the bench and requested that the Court reconsider its ruling. The Court denied Plaintiff's request. Plaintiff now argues that the Court erred in excluding this evidence, because the fact that Mr. McGarity has received warning letters on at least two other occasions and has had other claims brought against him "goes straight to the heart of the issues in this case." (Doc. 141 at p. 7.)

The Court excluded evidence of any past violations of the MPA by Mr. McGarity because such evidence is not relevant to the issue of whether Mr. McGarity allowed chemicals to drift on Plaintiff's property in this case. Plaintiff contends that this evidence would show Mr. McGarity's knowledge of a dangerous condition. Mr. McGarity, however, testified that he was aware of the potential dangers of the aerial spraying of herbicides and that he took precautions as a result. The admission of evidence of prior violations would be been unfairly prejudicial under these circumstances. *See* Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"); *see also Weitz Co. LLC v. Mackenzie House, LLC*, 665 F.3d 970, 974-75 (8th Cir. 2012) (evidence of prior acts, including prior lawsuits, is not admissible to prove the character of a person in order to show conformity therewith, therefore evidence concerning the defendants' other development projects was not admissible).

The Court discerns no evidentiary error in this ruling. Thus, the Motion will be denied as to this point.

### C. Trespass Claim

Plaintiff next argues that the Court erred in granting Defendants' Motion for Judgment as a Matter of Law as to Plaintiff's trespass claim, and in refusing to submit Plaintiff's verdict director that would allow trespass damages both to crops and trees.

"In both Rule 56 motions for summary judgment and Rule 50 motions for judgment as a matter of law, the inquiry is the same: Whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Linden v. CNH Am., LLC*, 673 F.3d 829, 834 (8th Cir. 2012) (internal quotations omitted) (quoting *Kinserlow v. CMI Corp.*, 217 F.3d 1021, 1025 (8th Cir. 2000)).

A federal court interpreting a given state's law is "bound by decisions" of that state's highest court. *Progressive N. Ins. Co. v. McDonough*, 608 F.3d 388, 390 (8th Cir. 2010) (citing *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006)). If a state's highest court has not decided the state-law issue, the federal court "must attempt to predict how the highest court would resolve the issue ...." *Id.* A federal court may look to a given state's intermediate courts for persuasive authority, and "state appellate court decisions are highly persuasive." *First Tenn. Bank Nat. Ass'n v. Pathfinder Expl. LLC*, 754 F.3d 489, 490-91 (8th Cir. 2014) (quoting *Baxter Int'l, Inc. v. Morris*, 976 F.2d 1189, 1196 (8th Cir. 1992)). District courts in the Eighth Circuit follow intermediate state court decisions unless they are "convinced by other persuasive data that the highest state court would decide ... otherwise." *First Tenn. Bank Nat. Ass'n, 754 F.3d* at 491 (quoting *United Fire & Cas. Co. v. Garvey*, 328 F.3d 411, 413 (8th Cir. 2003)).

The trespass statute prohibits any person from:

Injur[ing] or destroy[ing] any tree placed or growing for use, shade or ornament, or any timber, rails or wood standing, being or growing on the land of any other

> person,…or carry[ing] away grass, grain, corn, in which such person has no interest or right, standing, lying or being on land not such person's own, the person so offending shall pay to the party injured treble the value of the things so injured, broken, destroyed or carried away, with costs.

RSMo. § 537.340 (2000).

Prior to trial, in an Order addressing Defendants' Objections to Plaintiff's Proposed Jury Instructions, the Court discussed issues related to Plaintiff's trespass claim. (Doc. 126.) The Court noted that the Missouri trespass statute, as opposed to a common law trespass claim, was penal in nature and must be strictly construed. *See Fondren v. Redwine*, 905 S.W.2d 156, 157 (Mo. Ct. App. 1995); *Ridgeway v. TTnTDev. Corp.*, 26 S.W.3d 428, 435-36 (Mo. Ct. App. 2000). The purpose of statutory trespass is "to redress plaintiff for injuries that often have intangible qualities, such as aesthetic value, and such damages are often difficult to measure." *Ridgeway*, 26 S.W.3d at 436.

The Court found that Plaintiff's trespass verdict director must be limited to trees pursuant to the language of the statute providing "injury" or destruction of trees is compensable whereas "grass, grain, [and] corn" must be "carried away" in order for damages to be awarded. (Doc. 126 at p. 10.) The Court also noted that the "proper measure of actual damages for trespass is the difference in the values of plaintiff's property immediately before and immediately after the trespass or the cost of restoration whichever is less." *Kelley v. Kelly Residential Group, Inc.*, 945 S.W.2d 544, 552 (Mo. Ct. App. 1997). This requires "evidence of the values of the [] property immediately before and immediately after the trespass or of the cost of restoring the land to its prior condition." *Id.* at 552-53. The Court stated that, if Plaintiff made a submissible case and the jury finds in Plaintiff's favor, the Court would treble the tree damages pursuant to the trespass statute. (Doc. 126 at p. 11.)

At the conclusion of Plaintiff's case, Defendants filed a Motion for Judgment as a Matter of Law, in which they argued Plaintiff failed to make a submissible case as to all of its claims. (Doc. 133.) With regard to Plaintiff's trespass claim, Defendants argued that there was no authority for combining the treble damages statute with the inherently dangerous activity doctrine. Defendants also argued that Plaintiff's damage evidence was insufficient to make a submissible case. The Court denied Defendants' Motion.

During a subsequent recess held after the formal instruction conference, the Court reconsidered its ruling as to Plaintiff's trespass claim. The Court, citing *Tong v. Kincaid*, 47 S.W.3d 418, 421 (Mo. Ct. App. 2001), found that Plaintiff failed to present evidence supporting its damages. In *Tong*, property owners brought a statutory trespass action against neighbors for bulldozing trees and shrubs. After a bench trial, the trial court granted judgment for the owners and awarded them $14,717.76 in damages. On appeal, the neighbors argued that there was insufficient evidence to support the damages award. The Missouri Court of Appeals found that the proper measure of damages for injury to trees that have no substantial value in their severed state is the difference between the fair market value of the real estate before and after the injury or the cost of restoring it, *whichever is less*. The Court held as follows:

> There was no evidence as to the value of the trees or bushes in their severed state. There was evidence that the destroyed trees and bushes had no substantial market value, therefore, the fair market value of the property before and after the trespass must be determined by the trial court. On remand, the trial court is free to use the values of the cost of restoring the property already entered into evidence but the court must determine the difference in fair market value before and after the injury to determine which of the methods provides for the lesser amount of damages.

*Id.*

Here, although Plaintiff presented evidence of the cost of replacing the windbreak trees, there was no evidence of the fair market value before and after the trespass from which to

9

determine the proper amount of damage.  With regard to the ornamental trees, which were located on the residential portion of the real estate, Plaintiff only presented evidence of the diminution in value of the trees themselves, not of the real estate.  Plaintiff did not introduce evidence of the replacement costs of the ornamental trees.  As such, there was insufficient evidence from which the jury could determine whether the restoration value or difference in the fair market value provided for the lesser amount of damages.  The Court, therefore, granted Defendants' Motion for Judgment as a Matter of Law as to Plaintiff's trespass claim.

The Court's decision was based on Missouri law regarding the measure of damages under the trespass statute.  As explained in the Court's Order and again in granting Defendants' Motion for Judgment as a Matter of Law, the trespass statute is penal in nature and must be strictly construed.  Although the Missouri Supreme Court has not addressed this specific issue, long-standing appellate precedent has delineated the proper measure of damages.

Further, the fact that the Court initially denied Defendants' Motion for Judgment as a Matter of Law, and reconsidered its ruling is of no consequence.  With regard to timing, Rule 50(a) requires only that a party has been "fully heard on an issue during a jury trial."  Fed. R. Civ. P. 50(a)(1).  Nothing in Rule 50 prevents a court from reconsidering its ruling.  In fact, it has been held that the court has the power to grant judgment as a matter of law *sua sponte*.  *See Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 559 (5th Cir. 2001); *Pahuta v. Massey-Ferguson, Inc.,* 170 F.3d 125, 129 (2d Cir. 1999); *see also Peterson v. Peterson*, 400 F.2d 336, 343 (8th Cir. 1968).  The court's discretion to enter judgment as a matter of law *sua sponte* supports the principle that a trial court should have "an opportunity, after all [its] rulings have been made and all the evidence has been evaluated, to view the proceedings in a perspective peculiarly available to [the trial court] alone.  [The court] is thus afforded 'a last chance to

correct [its] own errors without delay, expense, or other hardships of an appeal.'" *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 216 (1947) (quoting *Greer v. Carpenter,* 323 Mo. 878, 19 S.W.2d 1046, 1047 (1929)).

In this case, the Court exercised such discretion in reconsidering its previous ruling. The undersigned determined after much consideration that the evidence presented by Plaintiff regarding damages was insufficient as a matter of law. No miscarriage of justice resulted from this determination.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for New Trial (Doc. 140) is **denied**.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of December, 2018.